**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Criminal No. B: 07-41-1** |
| | § | |
| **BEN ARIS RAMIREZ** | § | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On November 6, 2009, Defendant Ben Aris Ramirez ("Ramirez") requested an extension in which to file a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 57. For reasons discussed below, it is **RECOMMENDED** that Ramirez's motion be **DENIED**.

### I. Factual and Procedural Background

On January 23, 2007, Ramirez was indicted on one count, attempted reentry into the United States following deportation after having been convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a),(b). Dkt. No. 5. Ramirez waived his right to a jury trial. Dkt. No. 21. On June 14, 2007, following a bench trial, United States District Judge Andrew S. Hanen found Ramirez guilty of the offense as charged. On September 17, 2007, Ramirez was sentenced to sixty-three (63) months imprisonment, a three (3) year term of supervised release, and a one hundred dollar ($100.00) special assessment. Dkt. No. 37 (Judgment, dated October 2, 2007).

Ramirez filed a notice of appeal on September 19, 2007. Dkt. No. 30. On appeal, Ramirez contended that his prior conviction did not constitute a crime of violence for purposes of sentencing and asserted that the sentence imposed was unreasonable. See Dkt. No. 55, at 1-2 (Fifth Circuit Opinion, summarizing Ramirez's issues on appeal). On May 30, 2008, the Fifth Circuit affirmed the District Court's judgment and held that Ramirez's prior offense was a crime of violence and that the sentence imposed was reasonable. Id. The

Opinion was issued as mandate on June 23, 2008. Dkt. No. 54. On August 21, 2008, Ramirez petitioned the United States Supreme Court. The petition for a writ of certiorari was denied on October 6, 2008. Dkt. No. 56.

Ramirez did not file a § 2255 motion within the one-year limitations period provided by the statute. On October 27, 2009, however, Ramirez filed a request to file a § 2255 motion out of time. In that request, Ramirez claimed that a lockdown at the facility precluded his timely filing. Dkt. No. 57. The Court provided Ramirez an opportunity to explain how the lockdown prevented timely filing of the § 2255 motion. Ramirez filed his explanation on December 18, 2009. Dkt. No. 62.

## II. The § 2255 Motion Filing Period

Generally, a petitioner has one year from the date his conviction becomes final to file a § 2255 motion. 28 U.S.C. § 2255(f)(1) (2008). A conviction becomes final the day the Supreme Court denies a petition for certiorari. United States v. Gamble, 208 F.3d 536, 537 (5th Cir. 2000). Thus, Ramirez's one year period for filing a § 2255 motion began on October 6, 2008, the date the Supreme Court denied Ramirez's petition, and expired on October 6, 2009. Ramirez seeks an extension to file a motion to vacate, set aside or correct his sentence pursuant to § 2255.

## III. Equitable Tolling

The one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), as codified in 28 U.S.C. § 2255, is not jurisdictional and, therefore, is subject to equitable tolling. United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted). Thus, a district court has the discretion to toll the AEDPA limitations period where it would be unconscionable to enforce the limitation.

In order to satisfy his burden, Ramirez "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' of timely filing his § 2255 motion." United States v. Petty, 530 F.3d 361, 365 (5th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)). Equitable tolling "is permitted only in 'rare and exceptional circumstances.' " United States v. Redd, 562 F.3d 309 (5th Cir. 2009) (quoting Petty, 530 F.3d at 364). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Patterson, 211 F.3d at 930 (internal quotations omitted). The petitioner bears the burden of establishing that equitable tolling is appropriate. Petty, 530 F.3d at 365.

"Whether to equitably toll the limitations period turns on the facts and circumstances of each case." Petty, 530 F.3d at 364. In describing the nature of the circumstances warranting equitable tolling, the Fifth Circuit has quoted the Fourth Circuit. "[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Petty, 530 F.3d at 365 (quoting Minter v. Beck, 230 F.3d 663, 666-67 (4th Cir. 2000)). Ramirez has failed to show that he was diligent at any time before the last two weeks of the one year period, or that a gross injustice would result from the denial of tolling. Further, Ramirez does not allege that he was misled in any fashion. Instead, this appears to be a case where Ramirez failed to diligently pursue his rights for eleven and one-half months and then suffered a lockdown.

Generally, prison lockdowns which occur during the one year period do not justify equitable tolling. United States v. Saenz-Lopez, slip op., No. 3:08-CV-1601-M, 2009 WL 453932, at *3 (N.D. Tex. Feb. 23, 2009) (holding that a lockdown which temporarily deprived inmates of use of the law library did not prevent the movant from timely filing of a § 2255 motion). See also Akins v. United States, 204 F.3d 1086, 1090 (11th Cir.) (holding

3

that a lockdown reasonably related to legitimate penological interests is not an unconstitutional impediment to the timely filing of a § 2255 motion, where the movant had more than seven months prior to lockdown to draft and file his motion), cert. denied, 531 U.S. 971 (2000); Perry v. Vaughn, Civ. A. No. 02-839, 2003 WL 22391236, at *4 (E.D. Pa. Oct. 17, 2003) (holding that a prison lockdown and restriction of library access alone do not constitute extraordinary circumstances); Aguirre v. White, No. C 98-3723, 1999 WL 155694, at *2 (N.D. Cal. Mar. 12, 1999) (finding that 180 days of lockdown and limited library access did not support equitable tolling absent evidence that the lockdown prevented the timely filing of the § 2255 motion).

Where the lockdown occurs close in time to the AEDPA deadline, a court may find that the lockdown prevented the timely filing of a § 2255 motion. See Munnerlyn v. United States, slip op., No. 1:08-cv-229, 2009 WL 1362387, at *4-5 (S.D. Ohio May 13, 2009) (indicating that the denial of access to the mail may prevent the timely filing of a §2255 motion and warrant equitable tolling); Brooks v. Olivarez, No. 98-134, 1998 WL 474160, at *2 n.2 (N.D. Cal. Aug. 5, 1998) (indicating that where a lockdown or library closure very near the deadline prevents the timely filing of a § 2255 motion equitable tolling may be justified). From these cases, it seems that, for equitable tolling to apply, it has to be the lockdown which prevented submission of the § 2255 motion. That is not the case here.

### IV. Analysis

According to Ramirez, the facility in which he is residing, was in "complete lockdown on September 23, 2009 through October 22, 2009." Dkt No. 57. Thus, accepting the facts alleged by Ramirez, the facility was in lockdown for approximately one month. Ramirez's deadline for filing his § 2255 motion expired on October 6, 2009; more than two months ago. Dkt. No. 57, at 1. Ramirez did not file a request for an extension until three weeks after the original term expired – seven days after the lockdown ended. Dkt No. 57, at 7.

Ramirez further alleges that he had been "vigorously researching and preparing his § 2255 motion" and that, but for the lockdown, he would have timely filed his motion. Id.

4

Ramirez asserts that during the lockdown his legal materials were misplaced and that he was denied access to the law library and to a typewriter. According to Ramirez, these acts prevented him from completing his § 2255 motion. Dkt. No. 62. Despite his claims, the crux of the matter is that the facts do not support the conclusion that the lockdown prevented Ramirez from timely filing his § 2255 motion.

First, Ramirez's § 2255 petition is still not finished – almost two months after lockdown was lifted. Dkt. No. 62, at 1 n.1 (As of December 15, 2009, Ramirez, is "in the process of finishing the § 2255 petition."). That fact strains the reins of reason to believe that it was the first two weeks of the lockdown that precipitated the failure to timely file. Second, while Ramirez asserts that the lockdown was the cause for failing to file his § 2255 petition between September 23, 2009 and October 22, 2009, he has offered no explanation for failing to file his petition during the first eleven and one-half months of the limitations period, i.e. between October 6, 2008 and September 22, 2009.

Further, the order that Ramirez attaches to his supplement, purporting to grant relief to another prisoner confronted with the same circumstances, does not – on its face – support Ramirez's position. The subject order, attached to Ramirez's Supplement, Dkt. No. 62, provides that the petitioner in that case was "granted an extension of time in which to file a reply." Dkt. No. 62, at 2. That clearly is not the circumstance that Ramirez seeks. Ramirez seeks not an extension in which to file a reply to a previous filing, but instead to file an original motion seeking relief, which is granted only in exceptional circumstances.

Thus, the Court notes that Ramirez had many months, before the lockdown, in which to complete his § 2255 motion, but failed to file any version of a request for relief. From this it appears clear that the failure to timely file is not accurately attributable to the lockdown. Even if attributable to the lockdown, the Court notes that lockdowns are generally not viewed as extraordinary circumstances, warranting equitable tolling. In short, it was Ramirez's failure to file his § 2255 motion during the first eleven and one-half months of the time period that is the cause for his current predicament.

Moreover, Ramirez has failed to demonstrate any "gross injustice" that would result from denying his requested relief. The facts of this case plainly indicate that Ramirez's claim – that his prior felony conviction for robbery was not an aggravated felony – was previously rejected by the Fifth Circuit, both in Ramirez's case, Dkt. No. 55, and in an earlier published decision. United States v. Tellez-Martinez, 517 F.3d 813, 815 (5th Cir. 2008). Additionally, because the District Court in Ramirez's case sentenced Ramirez within the guidelines and that sentence was found to be reasonable upon direct review, it seems that Ramirez seeks merely to obtain review of what has already been decided. Even if he seeks relief upon a different basis, Ramirez has unequivocally failed to allege – let alone show – "gross injustice." Thus, Ramirez has failed to demonstrate that his circumstances warrant equitable tolling of the AEDPA limitations period.

### V. Recommendation

Therefore, it is **RECOMMENDED** that Defendant Ben Aris Ramirez's motion for an extension to file a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 57, be **DENIED**.

DONE at Brownsville, Texas, on December 28, 2009.

_____
Ronald G. Morgan
United States Magistrate Judge